The Honorable David Dunn State Representative Post Office Box 208 Forrest City, AR 72336-0208
Dear Representative Dunn:
I am writing in response to your request for my opinion on the following questions concerning a county's legal obligation for payment or reimbursement to a city for one-half of the salary of the district court clerk and judge. Your specific questions are as follows:
 1. Does a county have any legal obligation to pay court expenses or fringe benefits for either the judge or the clerk?
 2. Is the county obligated for payment or reimbursement to the city of cost and expenses for courtroom operation such as rent, utilities, supplies, etc.?
 3. Is the county obligated for social security and unemployment insurance?
RESPONSE
I assume you realize that the county is obligated for one-half of the salaries, and that you are asking whether the county is further obligated for the additional expenses mentioned in your questions. The answer is "no," in my opinion, in response to each of these questions.
Question 1 — Does a county have any legal obligation to paycourt expenses or fringe benefits for either the judge or theclerk?
As I and a number of my predecessors have previously opined, the county's obligation to pay a proportion of the expenses of the district court is generally limited to one-half of the salaries of the judge and clerk pursuant to A.C.A. § 16-17-115 (Supp. 2005), which provides:
 Except as authorized otherwise, the county wherein a district court is held shall pay one-half (1/2) of the salaries of the judge and the clerks of the district courts organized in that county under the provisions of § 16-17-201 et seq. and § 16-17-301 et seq., and the quorum court in counties subject to the provisions of either § 16-17-201 et seq. or § 16-17-301 et seq., or both, shall, at its annual meeting, make an appropriation of a sum sufficient to pay the county's proportion of the expenses of all such district courts. These payments shall be made out of the district court cost fund and general revenues of the county and this duty may be enforced by mandamus proceedings.
See Op. Att'y Gen. 2005-191 at 8 and 16. See also Op. Att'y Gen. Nos. 2001-045, 1999-207, 1993-001, 1988-011, and 1984-098.
The answer to your question is therefore "no," in my opinion. I should note, however, that you have not asked this question with reference to any particular court, and that the introductory phrase "[e]xcept as authorized otherwise" in § 16-17-115,supra, requires that reference be made to any other legislation governing a particular district court to determine the county's exact funding obligation. Consideration should be given in this regard to A.C.A. § 16-17-108 (Supp. 2005) (a comprehensive statute establishing salaries and other related requirements of specific district courts).
Please note that I have enclosed a copy of Attorney General Opinion 1993-001, which details the basis for my response to your general question. I agree with the analysis therein. In my opinion, A.C.A. § 16-17-115's reference to "the county's proportion of the expenses" relates back to one-half of the salaries and does not impose any other financial obligation on the county. Additionally, as I indicated in Op. 2005-191, I agree with one of my predecessors that consistent with common usage, the term "salary" in § 16-17-115 does not encompass fringe benefits. See Op. 2005-191 at 8 (discussing Op. Att'y Gen.1999-207). I believe a county could, if it so chose, agree to contribute toward other operating expenses of the district court. But in my opinion, it is not obligated to do so by A.C.A. §6-17-115. Nor has my research disclosed any separate general requirement to this effect.
Question 2 — Is the county obligated for payment orreimbursement to the city of cost and expenses for courtroomoperation such as rent, utilities, supplies, etc.?
No. See above response.
Question 3 — Is the county obligated for social security andunemployment insurance?
No. See Op. Att'y Gen. 1999-207 (and cases cited therein reflecting the view that the term "salary" ordinarily does not encompass these expenses).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh